Summers, J:
The petition in this case is filed by Charles H. Kumler, prosecuting attorney for Montgomery county, state of Ohio, and upon the relation of Edwin P. Matthews, city solicitor of the city of Dayton, in said county, and states, in sub *56 stance that the telephone company is a corporation of the state of Illinois, and is exercising a franchise, privilege and right in contravention of law and without authority, in that it is occupying and using sundry of the streets of said city with its poles, wires, etc., and by-means thereof is carrying on the telephone business in said city; that in 1883 the city passed a certain ordinance to control and regulate the use of its streets by telephone companies, in which ordinance 'it was provided that, before any corporation should enter upon any of the streets of said city for telephone purposes, an ordinance should be passed by the city council granting it such right subject to such rules and regulations as might be therein prescribed; that in 1884 said city, by ordinance passed by its council, granted said telephone company the right to use certain of its streets for telephone purposes for the period of ten years, subject to the provisions of both of said ordinances, and that said company, under said ordinances, entered upon said streets and used them for such purposes; that said term of ten years has long since expired;. that no other ordinance has been passed by said council, or any agreement entered into between the city and said company, extending the grant or giving it any rights or privileges in said streets, and that no such proceeding as is authorized by section 3461 of the Revised Statutes has been had; that on the 15th day of November, 1895, the council of said city, by resolution reciting said facts as to the expiration of said term, directed its city solicitor to commence such proceedings as would oust said company from such occupancy and use of its streets, and the prayer is for such ouster.
To the petition the defendant filed á general demurrer,
Without undertaking to notice all of the many questions ably considered in the briefs of the learned counsel for defendant, we may say they are, if we understand them, in substance to the effect: that the right to use the streets of the city for telephone purposes is a franchise which can be con- *57 f erred only by the legislature; that the legislature has conferred the right or franchise to so use the streets, by sections •3454 and 3456, and that section 3461 authorizes or prescribes an agreement with the city only as to the mode'of use; that, being in possession, the telephone company holds under the state; and that the city has no right to interfere with its occupancy, but is limited or restricted to an effort to direct or control the mode of use.
The right to use the street by the company for telephone purposes is a franchise,and as such can only emanate directly •or indirectly from the sovereign power of the state. State ex rel. v. Cincinnati Gas, Light & Coke Co., 18 Ohio St. 292.
Section 3461 reads: “When any lands authorized to be appropriated to the use of a company are subject to the ease■ment of a street, alley, public way, or other public use, within the limits of any city or village, the mode of use •shall be such as shall be agreed upon between the municipal authorities of the city or village and the company; and if they cannot agree, or the municipal authorities unreasonably delay to enter into any agreement, the probate court of the county, in a proceeding instituted for the purpose, shall direct in what mode such telegraph line shall be constructed.” * * *
The words “When any lands authorized to be appropriated,’ etc., imply that the authority has been previously •conferred; but, in our opinion, this is of little if any signifi•cance, for the sections are in pari materia, and the franchise to so use the streets, conferred by the state, is upon the express condition that the mode of use shall be such as shall be agreed upon between the city and the company, and in the event they cannot agree, that the probate court shall direct in what mode the telephone line shall be constructed along such street. This deary contemplates an agreement -as to the mode of use prior to any occupancy of- the streets by the company, and such agreement with the council or direction by the probate court as to the mode of use is insep *58 arable from the right to use the street for telephone purposes, and the right ceases with the expiration of the agreement or direction upon which it is conditioned.
We do not understand counsel to claim, that the company could have entered upon the streets and erected its poles and strung its wires without an agreement with council or direction in a proceeding in the probate court. If then it enters upon the streets, erects its poles and strings its wires under and by virtue, of an agreement between it and the city council, which limits its right to such occupancy to a period of' ten years, how can it claim ■ its right still stands when the foundation of it is gone?
Section 3283 provides: “If it be necessary, in the location of any part of a railroad, to occupy any public road', street, alley, way, or ground of any kind, or any part thereof, the municipal or other corporation, or public officers or authorities, owning or having charge thereof, and the company may agree upon the manner, terms and conditions upon which the same may be used or occupied; and if the parties be unable to agree thereon,and it is necessary, in the judgment of the directors of such company, to use or occupy such road, street, alley, way or ground, such company may appropriate so much of the same as may be necessary for the-purposes of the road.” * * *
These provisions are not unlike those of the section under consideration, and we think the construction we have given, the latter warranted by that given by the Supreme Court to the former. Railroad v. Commissioners, 31 Ohio St. 338; State, ex rel. v. Railroad Co., 36 Ohio St. 434; Railroad Co. v. Cobb, 35 Ohio St. 94.
“Every grant in derogation of the right of the public in. the free and unobstructed use of the streets, or restrictive of the control of the proper agencies of the municipal bodies, over them, or of the legitimate exercise of their powers in the public interest, will be construed strictly against the grantee, and liberally in favor of the public, and never extended beyond its express terms when not indispensable to *59 give effect to the grant.” Railroad Company v. Defiance, 52 Ohio St. 262.
Edwin P. Matthews, City Solicitor, Chas H. Kurnler, Prosecuting Attorney, for relator.
A. A. Thomas, General Solicitor, Chicago, Gilbert H. Stewart, Columbus, L. G. Pichardson, Toledo, for defendant.
As to the right to maintain a suit in quo warranto, Ohio ex rel. v. P. C. & St. L. Ry., 34 W. L. B. 15.
The demurrer will therefore be overruled.